

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>THURMAN LEE HOWARD; and FRANK POWERS and HEATHER POWERS, Individually, as Husband and Wife, and as Parents and Next Friends of their minor children B.P., C.P. and E.P.,<br><br>*Defendants.* | *Civil Action No.* CV412-215 |

## CONSENT CONFIDENTIALITY ORDER

The parties to this Consent Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. **Scope.** All documents produced in the course of discovery after the date of execution of this Order, including all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing

the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney or a party appearing pro se who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL

- SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until seven days after delivery of the transcript by the court reporter. Within seven days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

5.  **Protection of Confidential Material.**

(a)  **General Protections.** Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b)  **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of

persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1) **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

(4) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(5) **Consultants and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

(d) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Before any document marked as CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER is filed with the Clerk, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall first consult with the party which originally designated the document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, a redacted document may be filed with the Court not under seal. However, it is ordered that the party which originally designated a document as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER bears the burden of proof upon any motion of establishing that said document is confidential.

7. **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

(a) **Objection to Confidentiality.** Within 30 days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which objection has been made shall remain CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

**(b)     Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in good faith, either in person or telephonically, in an effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c)     Obligation to File Motion.** In the absence of agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. The moving party has the burden to show good cause for the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which objection was made.

8.     **Action by the Court.** Applications to the Court for an order relating to documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make Orders concerning the disclosure of documents produced in discovery or at trial.

9.     **Use of Confidential Documents or Information at Trial.** A party which

intends to present or which anticipates that another party may present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the document, not the information, in the Pretrial Order. The Court may thereafter make such Orders as are necessary to govern the use of such documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) consists of deposition testimony which have been marked CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents.

11. **Other Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under the Local Rules.

12. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection until such time as the Court may rule on a specific document or issue.

13. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered this 3rd day of March, 2014.

_____
Magistrate Judge, United States District Court for the Southern District of Georgia

We agree to abide by the terms of this Order, this 28th day of February, 2014.

/s/ G. Mason White
G. Mason White
State Bar No.: 754581
*Attorney for Plaintiffs*

**BRENNAN, HARRIS & ROMINGER LLP**
Post Office Box 2784
Savannah, GA 31402
(912) 233-3399
Email: gmw@bhrlegal.com

/s/ Travis D. Windsor
Travis D. Windsor
State Bar No.: 770441
*Attorney for Defendant Thurman Lee Howard*

**BRENNAN & WASDEN, LLP**
Post Office Box 8047
Savannah, Georgia 31412
(912) 232-6700
Email: twindsor@brennanandwasden.com

/s/ Kristy B. Sweat
Stephen G. Lowry
State Bar No.: 460289
Kristy B. Sweat
State Bar No.: 731312
*Attorneys for Defendants Powers*

**HARRIS PENN LOWRY DELCAMPO, LLP**
405 East Perry Street
Savannah, Georgia 31401
(912) 651-9967
Email: steve@hpllegal.com
Email: ksweat@hpllegal.com
F:\SF\Howard, Jane\Consent Confidentiality Agreement.wpd

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,<br><br>*Plaintiffs*,<br><br>v.<br><br>THURMAN LEE HOWARD; and FRANK POWERS and HEATHER POWERS, Individually, as Husband and Wife, and as Parents and Next Friends of their minor children B.P., C.P. and E.P.,<br><br>*Defendants*. | Civil Action No. CV412-215 |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Georgia in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
                        Signature

Consent confidentiality agreement